## BOUCHER INVENTIONS; LIMITED, et al. v. SOLA ELECTRIC CO. et al.

### Civ. A. No. 615.

District Court of the United States for the District of Columbia.

July 26, 1940.

Leslie W. Fricke, of Chicago, Ill., and Nelson J. Jewett, of Washington, D. C., for defendants.

John Howard Joynt and Herbert S. Ward, both of Washington, D. C., for plaintiffs.

BAILEY, Justice.

This cause having come on to be heard upon the pleadings, proceedings and proofs herein, filed on behalf of all parties, before Honorable Jennings BAILEY, Presiding Justice, sitting without a jury; and evidence having been received by the Court on April 15, 16 and 17, 1940; and briefs having been filed on behalf of all the parties, oral arguments by respective counsel having been waived, and the Court, being fully advised in the premises, after due consideration thereof makes these, its findings of fact and conclusions of law, as follows:

## Findings of Fact.

The Court finds as a matter of fact:

1. Plaintiff Charles P. Boucher is a subject of the King of Great Britain and resides in Jersey City, New Jersey.

2. Plaintiff Boucher Inventions, Ltd., is a corporation organized and existing under the laws of the State of Delaware and has a place of business in Washington, D. C.

3. Plaintiff Charles P. Boucher filed an application for Letters Patent of the United States in the United States Patent Office on September 20, 1935, the same bearing Serial No. 41,476, and covering an invention entitled "Electrical Transformer Apparatus."

4. Plaintiff Boucher Inventions, Ltd., is the sole owner of all rights in, to and under the aforesaid Charles P. Boucher patent application, subject to an outstanding license thereunder to the National Transformer Corporation of New York, N. Y.

5. Defendant Joseph G. Sola is a citizen of the United States and a resident of the State of Illinois.

6. Defendant Sola Electric Co. is a corporation organized and existing under the laws of the State of Delaware and has its office and principal place of business at Chicago, Ill.

7. Defendant Joseph G. Sola filed an application for Letters Patent of the United States in the United States Patent Office on August 27, 1935, said application bearing Serial No. 38,073, covering an invention entitled "Reactance Transformer," and having resulted in Letters Patent No. 2,136,895, dated November 15, 1938.

8. Defendant Sola Electric Co. is the assignee and the sole owner of the aforesaid Joseph G. Sola patent No. 2,136,895.

9. On April 4, 1936, the Commissioner of Patents declared an interference between the aforesaid Boucher patent application, the aforesaid Sola patent application and an application filed by one James A. Comstock, said interference being designated and known as Boucher v. Comstock v. Sola, No. 72,593, and involving three counts which corresponded respectively to claims 16, 17 and 5 of said Boucher application and claims 1, 2 and 7 of said Sola application and patent.

10. On April 4, 1936, the Commissioner of Patents declared an interference between the aforesaid Boucher patent application and the aforesaid Sola patent application, said interference being designated and known as Boucher v. Sola, No. 72,594, and involving four counts which corresponded respectively to claims 18, 19, 20 and 21 of said Boucher application, and claims 3, 4, 5 and 6 of said Sola application and patent.

11. Evidence, oral and documentary, together with physical exhibits, was taken and introduced before the Patent Office by the parties Boucher, Comstock and Sola in said interference 72,593, and by the parties Boucher and Sola in said interference 72,594, and a hearing was had in each of said interferences where all parties thereto were represented by counsel; and afterwards, on October 19, 1937, the Examiner of Interferences made a decision in interference 72,593, finding that the evidence submitted by Boucher and by Comstock was insufficient to overcome the earlier filing date of Sola and as senior party on the basis of his earlier filing and the evidence offered by him awarded priority of

invention of the subject matter of each of the three counts there in issue to said Joseph G. Sola, and holding that neither said Charles P. Boucher nor said James A. Comstock was the first inventor of the subject matter of any of the three counts in issue; and, on October 19, 1937, the Examiner of Interferences made a decision in interference 72,594, finding that the evidence submitted by Boucher was insufficient to overcome the filing date of Sola and as the senior party on the basis of his earlier filing and the evidence offered by him awarded priority of invention of the subject matter of each of the four counts there in issue to said Joseph G. Sola, and holding that said Charles P. Boucher was subsequent in point of time to said Sola with respect to the invention of each of said counts.

12. Appeals from said decision in interference 72,593 were taken by said Boucher and said Comstock, and an appeal from said decision in interference 72,594 was taken by said Boucher to the Board of Appeals of the United States Patent Office; and the appeal of said Comstock having been subsequently dismissed, the Board of Appeals consolidated the two interferences under the number 72,593; and on August 6, 1938 said Board of Appeals affirmed the aforesaid decisions of the Examiner of Interferences awarding priority of invention of the subject matter of each of the seven counts in issue to said Joseph G. Sola.

13. Defendant Joseph G. Sola, early in the year 1933, conceived the invention set forth in each of the claims of his said patent No. 2,136,895, made sketches or drawings of a transformer embodying the invention of said claims and fully explained the invention of said claims to others skilled in the construction and operation of transformers.

14. Defendant Joseph G. Sola, early in the year 1933, constructed the transformer made Exhibit 5 herein, and in the summer of that year he constructed the transformer made Exhibit 17 in this cause, that each of said exhibit transformers embodies the invention set forth in each of the seven claims of said patent No. 2,136,895, and that each of said exhibit transformers was tested and operated successfully by said Joseph G. Sola and his witnesses for the purposes intended in the year 1933 and before said Charles P. Boucher either conceived of or reduced to practice said invention.

15. Defendants' Exhibit 5 transformer was also tested at the laboratory of the Sola Electric Co., Chicago, Ill., on March 24, 1937 during an adjournment of the taking of testimony in the Patent Office interference proceedings, with counsel for all parties present or declining to attend, and the test on said transformer early in 1933 was confirmed and it was found that the protective shunt thereof was capable of cutting down the current flowing through each of its secondary coils when short-circuited more than 8 m.a., the current flowing through either one of the secondary coils when short-circuited not exceeding 41 m.a.

16. Defendants' Exhibit 5 transformer was again tested, at the request of plaintiffs' counsel and with the authorization of the Court, at the electrical laboratory of the George Washington University of Washington, D. C. on April 16, 1940, while the trial of this cause was adjourned, and with representatives of the plaintiffs and the defendants herein present, and one of the secondary coils thereof was short-circuited and a current of 41 m.a. was passed through it for a period of six hours, and the secondary coil so shorted and tested was not destroyed.

17. Defendants' transformers made Exhibits 45, 46 and 47 herein have core structures substantially the same as that of said Exhibit 5 transformer, and said Exhibits 45, 46 and 47 have secondary coils identical in construction with the secondary coils of said Exhibit 5, and when the secondary coils of said Exhibits 45, 46 and 47 were tested under short circuit with current of not less than 41 m. a. flowing therethrough for forty-eight hours, and even ninety-six hours, the secondary coils so tested did not burn out and were not destroyed.

18. Defendants' Exhibit 17 transformer was also tested at the laboratory of the Sola Electric Co., Chicago, Ill., on March 24, 1937 during an adjournment of the taking of testimony in the Patent Office interference proceedings, with counsel for all parties present or declining to attend, and said transformer was again successfully operated and it was found that the protective shunt thereof was capable of cutting down the current flowing through each of its secondary coils when short-circuited to not more than 34.2 m.a.

19. Defendants, Joseph G. Sola and Sola Electric Co., or either of them, did not, subsequent to the reductions to prac-

tice by Sola in 1933 (as hereinafter found as a matter of law), abandon the invention defined in any of the seven claims in issue of the Sola patent No. 2,136,895, or conceal or suppress it.

20. Defendants, Joseph G. Sola and Sola Electric Co., or either of them, were not stimulated to activity in filing in the United States Patent Office the application for patent of said Joseph G. Sola, Serial No. 38,073, and had no knowledge of the subject matter of the alleged invention by said Charles P. Boucher, or any alleged public use thereof prior to the filing of said patent application, and had no knowledge of the publication of any information relating to the subject matter of the alleged invention of said Charles P. Boucher prior to the filing of the Sola patent application aforesaid.

21. Charles P. Boucher, one of the plaintiffs herein, was subsequent in point of time to Joseph G. Sola, one of the defendants herein, in perfecting a transformer embodying the invention of the seven claims in issue of the Sola patent No. 2,136,895.

## Conclusions of Law.

The court concludes as a matter of law:

■ 1. That the court has jurisdiction of the parties and of the subject matter involved herein.

■ 2. That defendant Joseph G. Sola and his assistants tested sufficiently in 1933 the transformers, in evidence as Exhibits 5 and 17, to constitute reductions to practice of the invention defined in each of the seven claims in issue prior to any conception or reduction to practice of said invention by plaintiff Charles P. Boucher, and that said Joseph G. Sola was the true, original and first inventor of the improvements in transformers defined in each of the seven claims here in issue.

3. That the invention defined in each of the claims in issue was not before known or used by others in this country before said Joseph G. Sola's invention or discovery thereof, was not patented or described in any printed publication in this or any foreign country before Joseph G. Sola's invention or discovery thereof, or more than two years prior to his application for patent therefor as aforesaid and was not in public use or on sale in this country for more than two years prior to his application for patent, and that the same was not abandoned by either the defendant Joseph G. Sola or the defendant Sola Electric Co.

4. That the application for Letters Patent for said invention, bearing Serial No. 38,073, filed by defendant Joseph G. Sola on August 27, 1935, in the United States Patent Office, when filed conformed to all the laws and rules relating to the filing of applications for Letters Patent of the United States, and that defendant Joseph G. Sola, as inventor and applicant for Letters Patent of the United States, was entitled to Letters Patent of the United States for the invention defined in each of the claims here in issue.

5. That Letters Patent No. 2,136,895, containing the seven claims here in issue, were properly, regularly and duly issued by the United States Patent Office on November 15, 1938 to the defendant Joseph G. Sola.

6. That defendant Sola Electric Co., as assignee of said Joseph G. Sola's aforesaid invention and of his said Letters Patent No. 2,136,895, is now the sole owner of all rights in, to and under said Letters Patent.

7. That plaintiff Charles P. Boucher is not an inventor prior in point of time to defendant Joseph G. Sola of the subject matter of any of the claims in issue and is not entitled to Letters Patent of the United States therefor.

8. That the complaint herein should be dismissed with costs to the defendants, Joseph G. Sola and Sola Electric Co., to be taxed by the clerk.

9. That a final decree should be entered in accordance herewith.

## Opinion.

I find that Sola conceived his invention early in the year 1933; that shortly thereafter he constructed the transformer made Exhibit No. 5 in this case and in the summer of that year the transformer which is Exhibit No. 17; that these transformers were sufficiently tested to constitute a reduction to practice before Boucher reduced his invention to practice.

The complaint should be dismissed with costs.